**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **DOAA ELHASSAN,** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. _____** |
| **v.** | |
| **REDDINGTON PARTNERS, LLC d/b/a SBARRO, LLC,** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiff Doaa Elhassan by and through her undersigned attorneys, hereby files the following Complaint and Jury Demand ("Complaint").

## <u>PRELIMINARY STATEMENT</u>

1.  This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Doaa Elhassan (hereinafter "Ms. Elhassan" or "Plaintiff"), a former employee of Reddington Partners, LLC d/b/a Sbarro, LLC (hereinafter "Sbarro" or "Defendant").  Ms. Elhassan has been harmed by the Defendant's discrimination and harassment of Ms. Elhassan on the basis of her sex and pregnancy, by Defendant's failure to accommodate her pregnancy, and by Defendant's retaliation against Plaintiff for seeking accommodations in connection with her pregnancy, culminating in her wrongful termination on December 18, 2023.  This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), <u>et seq.</u> ("Title VII"), the Pregnant Worker Fairness Act, 42 U.S.C. § 2000(gg), <u>et seq.</u>

("PWFA"), and the Maryland Fair Employment Practices Act, Md. Code Ann., State Government §§ 20-601 et seq. and 20-1001 et seq. ("FEPA").

## JURISDICTIONAL STATEMENT

2.  This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

3.  The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

4.  This Court has supplemental jurisdiction over Maryland state law claims pursuant to 28 U.S.C. § 1367.

5.  All conditions precedent to the institution of this suit have been fulfilled.  On May 14, 2024, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, which was dual-filed with the Maryland Commission on Civil Rights.  On December 10, 2025, the EEOC issued a Notice of the Right to Sue to Plaintiff.  This action has been filed within 90 days of Plaintiff's receipt of said Notice.  With respect to the FEPA claims alleged herein, this action has been filed within two years of the conduct complained of herein.

## VENUE

6.  This action properly lies in the District of Maryland, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

2

7. Venue in the District of Maryland is also authorized pursuant to 42 U.S.C. § 2000(e) et seq.

## PARTIES

8. Plaintiff Doaa Elhassan is an adult female individual who is a resident of Bowie, Maryland and the United States of America.

9. Defendant Sbarro is a business entity organized under state law with a business location at 6800 Oxon Hill Road, Oxon Hill, Maryland 20745, where Plaintiff was employed.

10. Upon information and belief, at all times material hereto, Defendant Sbarro employed more than one hundred employees.

11. At all times material hereto, Defendant Sbarro acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

12. At all times relevant hereto, Defendant Sbarro acted as a "person" and "employer" within the meaning of one or more of the anti-discrimination laws at issue in this suit and is accordingly subject to the provisions of said laws.

13. At all times relevant hereto, Plaintiff was an "employee" of Sbarro within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

14. Ms. Elhassan began her employment with Sbarro at its location at 6800 Oxon Hill Roard, Oxon Hill, Maryland 20745 as a General Manager, beginning in or about November 2023.

15. Despite her loyalty and consistent performance, Ms. Elhassan was subjected to harassment and discrimination on the basis of her sex and pregnancy, culminating in her wrongful termination on December 18, 2023.

16. When Ms. Elhassan began her employment at Sbarro, she informed Director of Operations Ayman Bechara that, due to her existing part time job on the weekends, she could only work during the week and until 5 p.m. on the weekends, as she had to be at her other job by 6:30 p.m.

17. Mr. Bechara agreed to this schedule and indicated that it was fine, as he would have another employee close the store, and her schedule would be until 5 p.m. on weekends.

18. Upon beginning her employment with Sbarro, Ms. Elhassan realized that she was pregnant.

19. Although Ms. Elhassan continued to work, after approximately two weeks of employment, Ms. Elhassan informed Mr. Bechara of her pregnancy.

20. Once Mr. Bechara learned of the pregnancy, his treatment towards Ms. Elhassan immediately changed for the worse.

21. Mr. Bechara was friendly and kind towards Ms. Elhassan until she told him about her pregnancy.

22. Moreover, Mr. Bechara directed Ms. Elhassan to terminate certain individuals based on their appearance and pronounced that no one would get unemployment benefits from him.

23. On Wednesday, December 13, 2023, when Ms. Elhassan's bloodwork came back with abnormal results, she was directed by her physician to immediately return for additional testing.

24. Ms. Elhassan had to leave work to get the further testing and informed Mr. Bechara.

25. Mr. Bechara informed Ms. Elhassan that she needed a doctor's note regarding the follow up bloodwork, which Ms. Elhassan obtained and provided.

26. In further evidence of discrimination and harassment against Ms. Elhassan, Mr. Bechara also attempted to retract his original agreement made with Ms. Elhassan.

27. Specifically, as noted above, upon her hire, Ms. Elhassan had informed Mr. Bechara that she had to be at her other job at 6:30 p.m. on weekends, and he assured her that this was not a problem.

28. After she informed him about her pregnancy, however, Mr. Bechara attempted to go back on their agreement by claiming that "it was the holiday" and she had to work until 7 p.m.

29. In response, Ms. Elhassan reminded him that he agreed upon her hire that she could leave by 5 p.m., and he had always been aware of her other job, which she had to be at by 6:30 p.m.

30. Mr. Bechara also falsely claimed, in contradiction of their agreement, that Ms. Elhassan was required to work until 7 p.m. and also attempted to demote Ms. Elhassan to a "regular hourly employee" in order to take that time off.

31. The following day, on Thursday, December 14, 2023, Ms. Elhassan was not feeling well, so her physician directed her to rest until Monday, December 18, 2023.

32. Although Ms. Elhassan was resting as instructed, on Saturday, December 16, 2023, Ms. Elhassan suffered a miscarriage and was admitted to the hospital.

33. Ms. Elhassan provided all physicians' notes to Mr. Bechara during that time.

34. Ms. Elhassan was released from the hospital on Sunday, December 17, 2023, with the intent to return to work that week.

35. However, before she could return, on the morning of Monday, December 18, 2023, she was terminated.

36. The grounds given for Ms. Elhassan's termination were pretext for discrimination.

37. Although Ms. Elhassan was informed that she was terminated because she had used the wrong oil on the pizza, Ms. Elhassan had never been given proper training, was left alone all the time, and had been making the pizza with that oil for at least three (3) weeks without being corrected or told that it was wrong.

38. Ms. Elhassan was also told she was terminated for having closed the store on a Saturday at 3 p.m., which also was untrue.

39. Ms. Elhassan had been vomiting that morning, so Mr. Bechara specifically allowed her to go home and he closed the store early that day.

40. Moreover, after her termination, Ms. Elhassan received an email indicating that she had been previously informed of problems with her performance.

41. Again, this was entirely untrue.

42. Defendant never told her about any alleged inadequate performance, never gave her any coaching, and never wrote her up.

43. Indeed, Ms. Elhassan is aware that this is a practice of Defendant's – to fire individuals and then fabricate the nature of their employment and their termination.

44. The timing of Ms. Elhassan's termination, the harassing and discriminatory treatment Ms. Elhassan was subjected to during her employment and the illegitimate reasons provided for her termination, strongly suggest that

discrimination on the basis of Ms. Elhassan's sex and pregnancy, and retaliation for seeking accommodation motivated Sbarro's decision to terminate Ms. Elhassan.

45. Ms. Elhassan has been discriminated against and harassed on the basis of her sex and pregnancy, and terminated as a result of discrimination and retaliation for seeking accommodation of her pregnancy in violation of Title VII, the PWFA and FEPA.

46. As a result of the discrimination, harassment and retaliation described herein, Ms. Elhassan suffered, and continues to suffer financial and other losses.

47. As a result of the discrimination, harassment and retaliation described herein, Ms. Elhassan suffered, and continues to suffer severe emotional distress.

48. Sbarro, its employees named herein and others acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Ms. Elhassan severe emotional distress.

49. Sbarro was aware of the discrimination and harassment suffered by Ms. Elhassan but failed to take any action to address the situation or prevent further discrimination and harassment.

## COUNT I
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.

50. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

51. Based on the foregoing, Defendant Sbarro engaged in unlawful employment practices in violation of Title VII.

52. In discriminating against and harassing Ms. Elhassan because of her sex and pregnancy, Defendant Sbarro violated Title VII.

53. Said violations were intentional and willful.

54. Said violations warrant the imposition of punitive damages.

55. As the direct and proximate result of Defendant's violations of Title VII, Plaintiff has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

56. Plaintiff is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

**COUNT II**
**The Pregnant Worker Fairness Act,**
**42 U.S.C. § 2000(gg), et seq. ("PWFA")**

57. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

58. Based on the foregoing, Defendant Sbarro has engaged in unlawful employment practices in violation of the PWFA.

59. In failing to accommodate Ms. Elhassan's pregnancy and in retaliating against Ms. Elhassan for seeking accommodations, Sbarro violated the PWFA.

60. Said violations were intentional and willful.

61. Said violations warrant the imposition of punitive damages.

62. As the direct and proximate result of Defendant Sbarro's violations of the PWFA, Plaintiff has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, and

interest due thereon along with and/or in addition to the damages and losses set forth herein.

63. Plaintiff is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT III
### Maryland Fair Employment Practices Act, Md. Code Ann., State Government §§ 20-601 et seq. and 20-1001 et seq.

64. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

65. Based on the foregoing, Defendant Sbarro has engaged in unlawful employment practices in violation of FEPA.

66. In discriminating against and harassing Ms. Elhassan on the basis of her sex and pregnancy, and in retaliating against Ms. Elhassan for seeking accommodations, Defendant Sbarro violated FEPA.

67. As the direct and proximate result of Defendant's violations of FEPA, Plaintiff has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

68. Plaintiff Doaa Elhassan repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant:

9

a.  Declaring that the acts and practices complained of herein violate the Title VII, the PWFA and FEPA;

b.  Awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's conduct;

c.  Awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures and pain and suffering;

d.  Awarding punitive damages to Plaintiff;

e.  Awarding Plaintiff costs of this action together with her reasonable attorneys' fees;

f.  Awarding Plaintiff such other damages as are appropriate under the Title VII, the PWFA, FEPA and any other applicable law; and

g.  Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Doaa Elhassan hereby demands trial by jury as to all issues so triable.

Respectfully submitted,

*/s/Renee L. Bowen, Esq.*
Renee L. Bowen, Esq. (19623)
Franklin & Prokopik, P.C.
The B & O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3943
(410) 752-6868 (fax)
rbowen@fandpnet.com
*Attorneys for Plaintiff*

10